AO 91 (Rev. 11/11) Criminal Complaint  AUSA Christine M. O'Neill (312) 353-4305

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOSHALIN RIVERA and
DAISHALIE URDIALES

CASE NUMBER: **25-CR-00507**

FILED
8/25/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about August 24, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendants violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a) | Did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely a federal employee, while engaged in the performance of his official duties and such acts involved physical contact with the victims. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

WILFREDO HERRERA
Digitally signed by WILFREDO HERRERA
Date: 2025.08.25 13:12:06 -04'00'

WILFREDO HERRERA
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: August 25, 2025

_Judge's signature_

City and state: Chicago, Illinois

GEORGIA N. ALEXAKIS, U.S. District Judge
_Printed name and title_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, WILFREDO HERRERA, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations (HSI), and I have been so employed since March 2018. My current responsibilities include the investigation of immigration and customs law violations, as well as investigations into transnational criminal organizations that commit drug trafficking, human smuggling, money laundering, and national security offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that JOSHALIN RIVERA and DAISHALIE URDIALES have violated Title 18, United States Code, Section 111. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging RIVERA and URDIALES with assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendants committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts, my review of video footage, and my training and experience.

## PROBABLE CAUSE

### A. Summary

4. On or about August 24, 2025, Enforcement and Removal Officers (ERO) with U.S. Immigration & Customs Enforcement, and other law enforcement, were conducting an enforcement operation on the westside of Chicago. While officers were arresting occupants of a residence on that street, RIVERA and URDIALES verbally threatened and physically assaulted law enforcement officers, including threatening Officer A, reaching for Officer C's firearm, and grabbing Officer B's magazine from his chest and throwing it to the ground. Officers A and C are officers of U.S. Immigration & Customs Enforcement (ICE), an agency of the United States Government. Officer B is an Officer of United States Customs and Border Patrol, an agency of the United States Government. All three officers were wearing vests with "POLICE" on the front.

### B. Threats to Officer A

5. Based on my review of relevant audio and video recordings, and interviews of other law enforcement, I am aware of the following:

   a. On or about August 24, 2025, at approximately 11:00 a.m., ICE and other law enforcement officers arrested individuals at a residence on the 5500 block of West Jackson Boulevard in Chicago, Illinois. The entrance to the residence was at the rear of the building, away from the street side. During the arrests, several bystanders began to gather near the rear entrance and stairs leading up to the apartments.

b. While law enforcement was present, RIVERA and URDIALES, among others, walked around to the back of the residence and up the stairs to the apartments. URDIALES entered the residence and asked officers if they had warrants for the individuals' arrests. Officer C was inside the residence at the time.

c. URDIALES then exited the residence and stood with RIVERA, on the back steps, while RIVERA and URDIALES shouted at Officer A. RIVERA stated, among other things: "I hope your kid dies a fucking miserable death, your fucking kid needs to get shot in the fucking face next bitch," and "They lucky I ain't got my shit on me, I'd pop both of they ass. . . pop them right in their fucking face."[1] After the officers went inside the residence, RIVERA stated, "I'm busting all their fucking windows."

**C.     Assaults to Officers B and C**

6. Based on my interview with Officer B, I am aware of the following:

a. Around the time of the events described above, Officer B, who was inside the residence, heard glass breaking outside on the street side. Officer B exited the residence and observed that the windows of his unmarked government vehicle had been shattered. A brick was later recovered from inside the vehicle. Officer B announced himself as police and asked the bystanders who had broken his windows; two of them pointed in the direction of RIVERA.

---

[1] The language quoted from the recordings in this Affidavit is based upon a preliminary review of the recorded conversations, and not on final transcripts of the recorded conversations.

3

b. Officer B asked RIVERA to "come here," and she ran to the corner. URDIALES then arrived and tried to physically prevent Officer B from getting to RIVERA, including by pushing Officer B and pulling his magazine, an ammunition storage device, from his chest and throwing it to the ground. During the struggle, RIVERA pulled at Officer B's neck.

7. Based on my interview with Officer C, I am aware of the following:

a. Officer C had arrested an individual at the West Jackson residence and departed the area. She returned when she heard Officer B's request for assistance on the radio. Upon her return, Officer C observed Officer B in a physical struggle with URDIALES and RIVERA.

b. Officer C tried to take RIVERA into custody. RIVERA refused and pushed and struggled with Officer C. RIVERA reached and grabbed into Officer C's vest in the direction of her firearm.

8. According to Officers B and C, shortly thereafter, law enforcement took URDIALES and RIVERA into custody.

9. At approximately 4:26 p.m., URDIALES signed a waiver of her *Miranda* rights and a consent to search her phone, and she agreed to speak with law enforcement. During URDIALES's recorded interview, she stated:

a. She did not know RIVERA but saw officers going after her stating that RIVERA had thrown a brick. Other bystanders were saying it was not RIVERA who threw it, and so URDIALES tried to tell law enforcement that they had the wrong person.

4

b. URDIALES did not see who threw the brick.

c. URDIALES did not make threats to the officers on the steps and did not observe anyone else making threats to the officers. She stated the video on her phone would corroborate her.

d. URDIALES was pushed up against a vehicle while being arrested, but she did not have any physical contact with officers and did not resist arrest.

## CONCLUSION

10. Based on the above information, I submit that there is probable cause to believe that on or about August 24, 2025, JOSHALIN RIVERA and DAISHALIE URDIALES did assault, resist, oppose, impede, intimidate, and interfere with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties, and such acts involved physical contact with the victims. I therefore respectfully request that this Court issue a criminal complaint charging RIVERA and URDIALES with a violation of Title 18, United States Code, Section 111(a).

FURTHER AFFIANT SAYETH NOT.

WILFREDO HERRERA
Digitally signed by WILFREDO HERRERA
Date: 2025.08.25 13:13:02 -04'00'

WILFREDO HERRERA
Special Agent, Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone August 25, 2025.

Honorable GEORGIA N. ALEXAKIS
United States District Judge

5